David A. Shimkin (SBN 290818)
dshimkin@cozen.com
Angel Marti, III (SBN 305300)
amarti@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorneys for Defendants
SONESTA INTERNATIONAL HOTELS
CORPORATION; SONESTA
INTERNATIONAL HOTELS
CORPORATION; THE RMR GROUP
LLC dba SONESTA and/or dba
CANDLEWOOD SUITES; HPT TRS
IHG-2, INC. dba SONESTA SIMPLY
SUITES ANAHEIM; SONESTA
INTERNATIONAL HOTELS
CORPORATION (PROPERTY TRUST);
and KYM BIXLER (erroneously named as
Kim Bixler)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- SOUTHERN DIVISION

| | |
|---|---|
| ANN KALFUSS, | Case No.: |
| Plaintiff, | [State Court Case No.: Case No.: 30-2022-01272622-CU-OR-CJC] |
| vs. | |
| SONESTA INTERNATIONAL HOTELS CORPORATION; THE RMR GROUP LLC dba SONESTA and/or dba CANDLEWOOD SUITES; HPT TRS IHG-2, INC. dba SONESTA SIMPLY SUITES ANAHEIM; SONESTA INTERNATIONAL HOTELS CORPORATION (PROPERTY TRUST); KIM BIXLER; and DOES 1-10. | **NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446** [FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION] |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES:**

1

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS

LEGAL\59310000\1

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants SONESTA INTERNATIONAL HOTELS CORPORATION; THE RMR GROUP LLC dba SONESTA and/or dba CANDLEWOOD SUITES[1]; HPT TRS IHG-2, INC. dba SONESTA SIMPLY SUITES ANAHEIM; SONESTA INTERNATIONAL HOTELS CORPORATION (PROPERTY TRUST)[2]; and KYM BIXLER (erroneously named as Kim Bixler) (collectively, "Defendants") remove to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under those statutes. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for plaintiff Ann Kalfuss ("Plaintiff"), and filed with the Clerk of the California Superior Court for the County of Orange, as an exhibit to a Notice of State Court Removal to Federal Court. A copy of the Notice being filed in state court is attached hereto as **Exhibit 1 (without the exhibits)**. In support of this removal, Defendants state as follows:

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On November July 29, 2022, Plaintiff filed her complaint for Damages and Demand for Jury Trial captioned *Ann Kalfuss v. Sonesta International Hotels Corporations, et al.,* Case No. 30-2022-01272622-CU-OR-CJC, against Defendants in the California Superior Court for the County of Orange ("State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 2**.

2. The Complaint contains the following causes of action: (1) Americans with Disabilities Act of 1990 Violations; (2) Trespass; (3) Conversion; (4) Negligence; (5) Violation of Civil Code § 789.3(b); (6) Intentional or Negligent Infliction of Emotional Distress; (7) Wrongful Constructive Eviction; (8) Violation of Forcible Entry and Forcible Detainer Laws; (9) Unruh Act and Bane Act Violations (Civil Code § 51); Violation of 42 U.S. Code §§ 3604, 3613, & 3617; (11) Violation of Civil Code § 1940.2; and (12) Accounting.

---

[1] This entity has is erroneously named. The correct name is The RMR Group LLC.
[2] This entity does not exist.

3. Plaintiff purportedly served Defendant Kym Bixler on August 2, 2022, and the remaining defendants (i.e., Sonesta International Hotels Corporation; the RMR Group LLC; HPT TRS IHG-2, Inc.) on August 3, 2022. A true and correct copy of the Proofs of Service is attached hereto as **Exhibit 3.**

4. The Notice of Removal is timely filed as it is within 30 days of Defendants' receipt of the Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1999); *Bush v. Cheaptickets, Inc.,* 425 F.3d 683, 688 (9th Cir. 2005); 28 U.S.C. § 1446(b).

5. True and correct copies of all pleadings, process, orders, and other filings in the State Court Action are attached hereto as Exhibit 2 (the Complaint) and **Exhibit 4** as required by 28 U.S.C. § 1446(a).

6. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

7. All named defendants have joined in this removal, therefore, all other defendants who have been served with the Summons and Complaint have joined in this Notice of Removal.

8. This Court is the appropriate venue for removal under 28 U.S.C. § 1446(a). The State Court Action was pending before the Superior Court for the County of Orange. This Court is the United States District Court for the "district and division embracing the place where the action was pending." 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER BECAUSE THE COMPLAINT PRESENTS A FEDERAL QUESTION UNDER THE AMERICAN WITH DISABILITIES ACT AND FEDERAL HOUSING ACT

9. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331.

10. In the Complaint, Plaintiff claims violations of the American with Disabilities Act of 1990 (42 U.S. Code § 12101); and Violation of 42 U.S. Code §§ 3604, 3613, & 3617. *See* Ex. 2, p. 1. Because this Court has original jurisdiction,

Defendants may remove the State Court Action pursuant to 28 U.S.C. §1441(a) and (b).

## REMOVAL OF THE ENTIRE ACTION IS PROPER PURSUANT TO 28 U.S.C. § 1367(a)

11.  This Court has supplemental jurisdiction over all claims that are so related to the federal claim discussed above that they "form part of the same case or controversy." 28. U.S.C. § 1367(a). Supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative facts," such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *See United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966).

12.  Here, the Complaint is centered upon the core allegations that: (1) Defendants have allegedly discriminated against Plaintiff because of her emotional and mental disability; (2) that she has been deprived of services that others received based on her purported disabilities; and (3) that Defendants allegedly interrupted her peaceful possession of a rental property by forcefully entering her premises based on her perceived mental and emotional disabilities. Each of Plaintiff's state law claims are based upon the same operative facts and thus, arise directly out of the same "common nucleus of operative facts" as the preempted claims, and would and should be tried together in a single judicial proceeding with the rest of her Complaint. Thus, the pendant state law claims are subject to this Court's supplemental jurisdiction. *See* 28. U.S.C. § 1367(a).

## CONCLUSION

13.  Because Plaintiff's claims are brought under the ADA and FHA, this Court has original jurisdiction over these claims, and Defendants may remove these claims to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b). Further, pursuant to 28 U.S.C. § 1367(a), Defendants request that the Court exercise its supplemental jurisdiction over the other state law claims as they are based upon the same core set

///

LEGAL\59310000\1

of facts as the federally-based claims.

Respectfully submitted:

Dated:  September 1, 2022

COZEN O'CONNOR

By: /s/ Angel Marti, III
David A. Shimkin
Angel Marti, III
Attorneys for Defendants
SONESTA HOTELS INTERNATIONAL CORPORATION and KYM BIXLER